UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 3:22-CR-68-TAV-JEM |
| ADARIUS DAMONDE MCLEROY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

This case is before the Court on Defendant's Motion for Entry of Order Directing the United States to Identify Inculpatory Discovery [Doc. 251]. The Government responded in opposition [Doc. 261]. Defendant did not reply and the time for doing so has expired [*See* Doc. 260]. For the reasons explained below, the Court **DENIES** the motion [**Doc. 251**].

I.   **BACKGROUND AND POSITIONS OF THE PARTIES**

Defendant McLeroy is charged in a Superseding Indictment along with sixteen named codefendants and unnamed others with conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Four) [Doc. 146]. He seeks an order directing the Government to identify discovery that directly inculpates him in the form of photographs, videos, texts, and/or other documents that the Government provided in the voluminous discovery [Doc. 251 p. 1]. According to Defendant, his counsel has reviewed the "excessively voluminous discovery" but needs more time to review the

discovery and discuss it with his client [*Id.*]. Defense counsel spoke with the Assistant United States Attorney assigned to this case, but at the time of his motion, she had not provided any specifically identified documents from the discovery [*Id.*].

The Government responded in opposition [Doc. 261]. It asserts that discovery is governed by Rule 16 of the Federal Rules of Criminal Procedure [*Id.* at 1]. Further, it asserts that the law in the Sixth Circuit is well established that Rule 16 is limited to the evidence referred to in its express provisions and does not provide for compelling pretrial disclosure of exculpatory evidence or any other evidence not mentioned in the rule [*Id.* (quoting *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988) and citing other cases)].

In the Government's view, Defendant "seems to be seeking information contained in a witness list or exhibit list," the provision of which is a matter committed to the discretion of the Court [*Id.* at 2]. It submits that because Defendant is not entitled to pretrial disclosure of the Government exhibit and witness lists, he must establish a particular need for it under Sixth Circuit law, and a general need to prepare for cross-examination is not sufficient [*Id.*]. The Government further asserts that the Court should decline to exercise its discretion because Defendant has provided no justification to support his request and he has been in possession of the discovery since August 17, 2022, which was provided on a computer thumb drive and is organized by evidence type and defendant, making it easy to search [*Id.* at 2–3].

## II. ANALYSIS

The discovery available in criminal cases is circumscribed by Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500, and the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. *See Presser*, 844 F.2d at 1283–85. Rule 16 requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant; the defendant's prior record; any documents or tangible evidence within the

2

government's possession, custody, or control; reports of examinations or tests; and a summary of any expert witness testimony. Fed. R. Crim. P. 16(a). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). But the government must produce the statement only after the witness has testified on direct examination. 18 U.S.C. § 3500(a). Finally, "while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281. Exculpatory materials must be produced in time for use at trial. *Id*. at 1283.[1] The Court's Order on Discovery and Scheduling specifies the Government's disclosure obligations in this case and sets out the timing for disclosures [Doc. 64].

Defendant asks the Government to identify the inculpatory evidence contained within discovery, but he cites no authority in support of this request. Instead, the weight of authority in the Sixth Circuit indicates that specific designation of inculpatory evidence is generally not required.[2] Neither Rule 16, nor the Due Process clause of the Fifth Amendment, require the government to organize the discovery in a specific way. *United States v. Warshak*, 631 F.3d 266,

---

[1] The Court informed the parties of the potential consequences for the Government's failure to disclose exculpatory evidence in a timely manner [*See* Doc. 8, Due Process Protections Act Order].

[2] Numerous cases lend support to this conclusion. *See, e.g.*, *United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-capital case . . . is not entitled to know in advance of trial who will testify for the government"); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (observing that the government is not required to reveal the names of unindicted coconspirators); *United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002) (holding government not required to disclose a witness list pretrial); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (holding that a bill of particulars is not a means to discover the government's evidence and trial theories); *United States v. Perkins*, No. 12–11–DLB–EBA, 2014 WL 3436074, *13 (E. D. Ky July 11, 2014) (holding that a court "c[an] not use its inherent power [over discovery] to compel the government to produce Jencks Act material prior to trial").

296–98 (6th Cir. 2010) (rejecting an argument that the Government direct a defendant to exculpatory evidence within the total discovery provided). Even when discovery is voluminous, the government has no duty to isolate the materials or documents that are relevant to each count of an indictment. *See United States v. Richards*, 659 F.3d 527, 543–45 (6th Cir. 2011) (observing that Rule 16 "does not require separate identification of the government's case-in-chief evidence," particularly in the absence of evidence that government acted in bad faith or attempted to hide relevant documents in voluminous irrelevant materials); *see also United States v. Jordan*, 316 F.3d 1215, 1253 (6th Cir. 2003) (determining defendants could have asked for continuance, if they lacked sufficient time to review the voluminous discovery); *United States v. Gonzalez*, No. 3:13–CR–161, 2014 WL 2574765, *3 (E.D. Tenn. June 6, 2014) (finding neither Rule 16, nor caselaw, requires the government to provide "pinpoint discovery," identifying the discovery that is relevant to each defendant).

Yet, as an exercise of its inherent powers, the Court has discretion to order the Government to produce discovery not required by Rule 16. *Presser*, 844 F.2d at 1285 n.12 (observing that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it" but also recognizing that "in most criminal prosecutions, the *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled"); *see also Richards*, 659 F.3d at 543 (maintaining that regulation of discovery is within the court's discretion and inherent powers); *Jordan*, 316 F.3d at 1249 n.69 (noting that Rule 16 provides the minimum discovery obligations and "leaves intact a court's 'discretion' to grant or deny the 'broader' discovery requests of a criminal defendant"); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) ("The district court has broad discretion in regulating discovery[.]").

In considering whether to exercise its discretion, the Court considers the three reasons Defendant asserts for requesting disclosure of inculpatory evidence: (1) the discovery is voluminous, (2) he is still reviewing discovery with his counsel, and (3) disclosure of inculpatory evidence could facilitate a pretrial resolution of the case. The Government, however, represents that the discovery was provided in digital form, is organized by type and defendant, and, thus, is easy to search. Moreover, the Court observes that the trial of this case has been continued to November 14, 2023, with a plea deadline of October 13, 2023 [Doc. 227 pp. 3–4]. Defense counsel was provided discovery one year ago. These factors should help alleviate the burden of the volume of discovery. Moreover, "there is no evidence [or assertion] that the [G]overnment acted in bad faith and 'attempted to obfuscate the relevant documents by burying them without direction under an avalanche of irrelevant materials.'" *Richards*, 659 F.3d at 545 (quoting *United States v. Perraud*, No. 09–60129–CR, 2010 WL 228013, at *11 (S.D. Fla. Jan. 14, 2010).

Accordingly, the interests of justice do not warrant the designation of inculpatory materials in this case.

### III. CONCLUSION

For the reasons explained here, the Court **DENIES** Defendant's Motion for Entry of Order Directing the United States to Identify Inculpatory Discovery [**Doc. 251**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

5

Case 3:22-cr-00068-TAV-JEM   Document 311   Filed 08/31/23   Page 5 of 5   PageID #: 1212